IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Derasean Adegbola,<br><br>Plaintiff,<br><br>v.<br><br>SouthStar Capital LLC, and SouthStar Capital Holdings LLC,<br><br>Defendant. | CIVIL ACTION NO: 2:20-cv-4506-BHH<br><br>COMPLAINT<br>(Jury Trial Requested) |

Plaintiff Derasean Adegbola, ("Plaintiff" or "Mr. Adegbola") individually and on behalf of all others similarly situated, by way of this Complaint, brings the below claim against Defendants SouthStar Capital LLC, and SouthStar Capital Holdings LLC. ("SouthStar" or "Defendants")

**NATURE OF CLAIMS**

1. Plaintiff was discharged because he needed to care for his two-year son who had tested positive for COVID. Plaintiff alleges his termination was retaliatory and in violation of the Families First Coronavirus Response Act, ("FFCRA") 2020 Enacted H.R. 6201, 116 Enacted H.R. 6201 and Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), et seq, ("FLSA").

**PARTIES, JURISDICTION AND VENUE**

2. Mr. Adegbola is a citizen and a resident of Charleston County, South Carolina.

3. Defendant SouthStar Capital LLC is organized and existing under the laws of South Carolina, and is registered with the South Carolina Secretary of State.

1

4. Defendant SouthStar Capital Holdings LLC is organized and existing under the laws of South Carolina, and is registered with the South Carolina Secretary of State.

5. Defendants are jointly and severally liable to Plaintiff.

6. Venue is proper in this District because the Defendants have conducted substantial, continuous and systematic commercial activities in Charleston County. Additionally, the unlawful labor practices and policies giving rise to Plaintiff's claims were committed in the Charleston Division of this Court.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b).

8. In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367 over Plaintiff's pendent claims, which are brought pursuant to the law of the State of South Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

**FACTS**

9. Defendant, SouthStar Capital LLC and SouthStar Capital LLC ("Defendants") provides custom financing solutions to businesses. It was founded in 2008. SouthStar's headquarters are located at 840 Lowcountry Blvd., Mount Pleasant, South Carolina, 29464.

10. Plaintiff served as Vice President and Corporate Counsel from November of 2019 until October 2020.

11. Plaintiff had an employment agreement with Defendants that he would be paid consistent with federal and state laws.

12. Plaintiff was a hardworking and dedicated employee that performed his job in an exceptional and competent manner.

13. On September 28, 2020 Plaintiff disclosed to SouthStar that his two (2) year son tested positive for COVID-19 and he needed to work from home to care for him.

14. The following day the Defendants terminated Plaintiff.

15. Plaintiff's termination was not performance related. Prior to Plaintiff's termination, Defendants had not indicated that they were dissatisfied with Plaintiff's performance.

16. Plaintiff never received any written reprimands regarding his performance.

17. The sole bases for Plaintiff's termination was because he needed to care for his son who tested positive for COVID-19.

18. Following his termination, the Defendants falsely reported to SCDEW that Plaintiff voluntarily quit so he would not receive unemployment benefits.

19. Defendants retaliated against Plaintiff because he needed to care for his two (2) year son who tested positive COVID.

20. Plaintiff's termination was in violation of FFCRA which states that it is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who is caring for an individual who is subject to quarantine.

21. Plaintiff engaged in protected activity under the FFRCA and FLSA's anti-retaliation provision when he advised Defendants he needed to care for his two-year son who tested positive for COVID-19.

22. The Defendants engaged in retaliatory conduct by terminating Plaintiff, even in the face of a perceived risk to the public health.

23. Defendants knowingly acted in bad faith and with malice. Defendants intentionally violated federal law by terminating Plaintiff.

24. Defendants' actions have caused Plaintiff to suffer stress, anxiety and depression.

25. Plaintiff is seeking emotional damages because of Defendants' retaliatory termination.

26. Upon information and belief, Defendants have more than 50 employees and are not subject to the small business exemption set forth in the FFCRA. https://www.dnb.com/businessdirectory/companyprofiles.southstar_capital.4068f4a1132f87df43ba86b2c5c38087.html

27. Even if Defendants have less than 50 employees they are not exempt from providing paid sick leave or expanded family and medical leave under the FFCRA because doing so would not jeopardize the viability of their business.

28. An authorized officer of the Defendants' is unable to determine that provisions of paid sick leave or expanded family and medical leave would result in the Defendants' expenses and financial obligations exceeding available business revenues and cause the Defendants to cease operating at a minimal capacity, because the pandemic has had little impact upon the Defendants' business.

29. An authorized officer of the Defendants' is unable to determine that Plaintiff's absence and his request for paid sick leave or expanded family and medical leave would entail a substantial risk to the financial health or operational capabilities of the Defendant's because of Plaintiff's specialized skills, knowledge of the business, or responsibilities as Plaintiff could work from home and care for his son.

30. An authorized officer of the Defendants' is unable to determine there are not sufficient workers to perform the labor or services provided by the Plaintiff and that Plaintiff's labor or services are needed for the Defendants to operate at a minimal capacity, Judgment against the Defendants as Plaintiff could work from home and care for his son.

4

31. The pandemic has not substantially impacted the viability of Defendants' business. Nor has the pandemic caused Defendants' revenues to decrease substantially.

32. The Defendants have not had to lay-off employees during the pandemic due to financial reasons. In fact, Defendants have hired additional employees during the pandemic

33. The Defendants generate enough revenue to pay for a masseuse to come to the office once a week to give all the employees massages. This practice has continued throughout the pandemic with the only change being that now the masseuse wears a mask.

34. The Defendants violated the FFRCA by terminating Plaintiff because he needed to care for his son.

35. The Defendant's conduct was willful and in bad faith. Defendant's knowingly discriminated against Plaintiff in violation of the FLSA and FFCRA.

**FOR A FIRST CAUSE OF ACTION**
**(FFCRA –Retaliation)**
**(Individual Action)**

36. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

37. Defendants were Plaintiff's employer, as such terms are defined by the FLSA, and FFCRA.

38. The FFCRA states that it is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who takes leave in accordance with the Act.

39. Plaintiff advised Defendants he needed to care for his two-year son who tested positive for COVID-19, notwithstanding this, Defendants terminated Plaintiff the following day.

40. Defendants willfully, intentionally, and unlawfully retaliated against Plaintiff because he engaged in protected conducted pursuant to FFCRA.

41.     By staying home from work to care for his 2 year son who had COVID, Plaintiff engaged conduct that is protected by FFCRA.

42.     FFCRA states that an employee who is caring for an individual who is in quarantine related to COVID-19 is entitled to paid sick time to the extent that the employee is unable to work.

43.     Defendants did not provide Plaintiff with paid sick time while he was caring for his two-year son who tested positive COVID-19.

44.     An employer who willfully violates Section 5104 is also in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)) and is subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

45.     Defendants are liable for the acts of individual supervisors, managerial employees, and/or the acts of their agents.

46.     Defendants have willfully violated the anti-retaliation provisions of the FFCRA and FLSA which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

47.     The Defendants actions of terminating Plaintiff because he needed to care for his two-year son who tested positive for COVID-19 were willful, retaliatory and malicious.

48.     Because of Defendants' willful violations of the FFCRA and FLSA, Plaintiff is entitled to recover from Defendants for paid sick leave, front-pay, back-pay, emotional damages, reasonable attorneys' fees and costs/disbursements of prosecuting this case, plus liquidated damages, and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, seeks judgment against the Defendants as follows:

a. Declaratory Judgment against Defendants that Plaintiff's termination was retaliatory and violated the FLSA and FFRCA;

b. Declaratory Judgement that the Defendants' violation of the FLSA and FFCRA was willful.

c. A Court Order requiring Defendants to preserve employment records, including payroll, attendance and time records during the pendency of this action.

d. Injunctive relief requiring the Defendants to reinstate Plaintiff to his previous position;

e. An award of liquidated damages in an amount equal to the award of compensatory damages pursuant to 29 U.S.C. § 216(b);

f. Judgment against the Defendants for paid sick leave pursuant to FFCRA;

g. Judgment against the Defendants for front-pay, back-pay, and prejudgment interest;

h. Judgment against the Defendants for emotional and compensatory damages resulting from his retaliatory termination;

i. An award of the reasonable attorneys' fees and costs incurred by Plaintiff and similarly situated employees in bringing this action; and

j. All such further relief as the Court deems just and equitable.

**JURY DEMANDED**

Plaintiff hereby demand a trial by jury.

Respectfully submitted,

s/ Marybeth Mullaney
Marybeth Mullaney (Fed. ID No. 11162)
Mullaney Law
652 Rutledge Ave, Suite A

7

Charleston, South Carolina 29403
Phone (843) 588-5587
marybeth@mullaneylaw.net
*Attorney for Plaintiff*

December 31, 2020
Charleston, South Carolina.